SCHUYLER COUNTY, Appellant, *v.* JOHN W. DONALDSON ET AL., Respondents.

November 23, 1880.

Where an injunction is dissolved for want of equity in the bill, in the absence of any evidence that the defendant desired or instigated the institution of the suit, damages are properly assessed in favor of the defendant, though the plaintiff claims that he brought the suit because of statements of the defendant, which misled him.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

EDWIN R. McKEE and WALDO P. JOHNSON, for the appellant.

A. HAMILTON and M. B. JONAS, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff obtained a temporary injunction against the defendants, restraining them from selling or disposing of certain county bonds and coupons alleged to be fraudulent and void. A demurrer to the petition for want of equity

was sustained; the injunction was thereupon dissolved, and final judgment rendered for the defendants. On the defendants' motion, the court assessed damages on the injunction-bond at $100. The plaintiff appealed.

The plaintiff asserts that it appears from the testimony of defendant Fraley that, by falsely representing to the plaintiff's attorney that the firm of Donaldson & Fraley owned $8,000 of the bonds in question, when in truth they owned none at all, said Fraley deceitfully induced said attorney to institute this suit against Donaldson & Fraley, under the erroneous belief that they were owners of such bonds; that therefore no damages should be awarded to the defendants, who, if injured, have brought about the injury by their own wrong.

We find nothing in the record that gives countenance to this position. The fact, if it be one, that the defendants owned no bonds had nothing whatever to do with the failure of the plaintiff's suit. The dissolution of the injunction was for want of equity in the bill. The defendants, whether they did or did not own bonds, were under no such obligation as the plaintiff seems to suppose, to enter a disclaimer. They had a right to manage their defence in their own way, and, if they found the demurrer effectual for its purpose, surely the plaintiff has no right to find fault with their success. Nothing in the testimony referred to indicates that defendant Fraley desired the institution of a suit, or that he even knew or suspected that one was in contemplation. It appears that, in the pursuit of his avocation as a broker, he was trying to effect a sale of bonds to the plaintiff's attorney, at a time when his firm had none actually on hand, but were negotiating for the acquisition of some, to the amount of $28,000. At the same time, as the testimony seems to indicate, the attorney, under pretence of an intended purchase, was eliciting from the broker the supposed information that the defendants had bonds to sell, and were, therefore, fit subjects for the injunction suit that

was commenced against them on the following day, and that afterwards failed on demurrer, as above stated. If, according to this testimony, there was a trap anywhere, it would appear to have been the one set by the attorney, which eventually caught his client. No point is made for the appellant on the sustaining of the demurrer to the petition.

The judgment is affirmed so as to include the assessment of damages on the injunction-bond. All the judges concur.